IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LINDA YOUNGER**                                                                                              **PLAINTIFF**

**v.**                          Case No. 4:16-cv-00170-KGB

**CENTERS FOR YOUTH
AND FAMILIES, INC.**                                                         **DEFENDANT**

## ORDER

Plaintiff Linda Younger filed this action asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq*. Before the Court is the parties' joint motion for order granting approval of settlement (Dkt. No. 13). The parties now request that the Court approve the settlement. Attached to the motion as Exhibit A is a stipulation of settlement agreement and release ("settlement agreement") (Dkt. No. 13-1, Exhibit A).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. V. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Having reviewed the settlement agreement, the Court determines that the settlement agreement both provides Ms. Younger a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the joint motion for order granting approval of settlement and approves the settlement agreement (Dkt. Nos. 13, 13-1). The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the agreement. The Court retains exclusive jurisdiction over the performance and enforcement of the settlement agreement and this Order.

It is so ordered this the 27th day of April, 2017.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge